IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 20-377-7 |
| | ) | |
| | ) | Judge Robert J. Colville |
| DOMINIC QUARTURE, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM ORDER

Before the Court is the Second Motion to Reinstate Bond (ECF No. 420) filed by Defendant Dominic Quarture. Mr. Quarture's bond was revoked in this matter following an August 18, 2021 Hearing on Petition for Action on Conditions of Pretrial Release. The Court summarized the relevant violations, conditions of release, and procedural history on the record during the August 18, 2021 hearing. During that hearing, Mr. Quarture admitted to numerous violations of several of his conditions of pretrial release, and the Court found that Mr. Quarture was unlikely to abide by any condition or combination of conditions of release. Accordingly, the Court revoked Mr. Quarture's bond pursuant to 18 U.S.C. § 3148(b), and remanded Mr. Quarture to the custody of the United States Marshal Service pending trial. Mr. Quarture filed his first Motion to Reinstate Bond (ECF No. 346) on November 17, 2021, seeking the same relief sought by way of the present Motion, specifically that he be released from custody and that he be placed on the same terms and conditions of Pretrial Release that existed before his bond was revoked. Second Mot. 2, ECF No. 420. The Court denied that Motion by way of a Memorandum Order (ECF No. 357) dated

1

December 7, 2021.  While the Court found that Mr. Quarture's completion of a program while at Allegheny County Jail was commendable, the Court found that Mr. Quarture simply failed to present a sufficient basis for the relief requested by way of the Motion.

By way of his second Motion, Mr. Quarture asserts that he has been housed at the Allegheny County Jail, and subsequently at the Butler County Prison, since the August 18, 2021 hearing in this matter.  Second Mot. 4, ECF No. 420.  He again avers that, while at Allegheny County Jail, Mr. Quarture was "a model prisoner and successfully completed the Veterans Cognitive Behavioral Therapy Program on October 25, 2021." *Id.* at ¶ 5.  The Motion also attaches a letter written by Mr. Quarture to the Court, *see* Second Mot. Ex. C, wherein Mr. Quarture: (1) accepts responsibility for his prior violations and acknowledges that the same are the reason he is currently in custody; (2) states that his struggles with addiction contributed to his past actions and that he is now sober while in Butler County Prison; (3) asserts that he is currently participating in back on track classes and intends to participate in drug and alcohol programs at Butler County Prison; (4) avers that he has not received any misconducts while in custody; (5) states that his father is ill and currently in hospice care; and (6) requests an opportunity to return home on bond. *Id*.  Mr. Quarture's Second Motion makes clear that neither the Government nor the United States Probation Office consents to the relief requested therein.  Second Mot. ¶¶ 10-11, ECF No. 420.

Mr. Quarture's Second Motion to Reinstate Bond, like his first Motion, again fails to identify the legal basis on which he seeks the relief requested by way of the Motion.  The Motion can likely most fairly and appropriately be construed as a motion seeking reconsideration of the Court's August 18, 2021 Order (ECF No. 303) revoking Mr. Quarture's Bond.  The Court also notes that:

> [A detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a

> material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f).  Regardless of the legal basis for the relief sought, the Court finds that Mr. Quarture fails to set forth a sufficient basis to support the relief requested by way of his Second Motion to Reinstate Bond, and the Court will deny the Motion.

> While not specifically provided for by the Federal Rules of Criminal Procedure:
>
> "Motions for reconsideration may be filed in criminal cases." *United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003); *United States v. Bennett*, 514 F. App'x 151, 153-54 (3d Cir. 2013).  Courts apply the same standards to motions for reconsideration filed in a criminal case as those used in the civil context.  The Court of Appeals for the Third Circuit has held that a Motion for Reconsideration will be granted only if the moving party can demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

*United States v. Jackson*, No. CR 18-216, 2020 WL 2557339, at *1 (W.D. Pa. May 19, 2020).  As Mr. Quarture's Second Motion relies on his behavior at the Allegheny County Jail and the Butler County Prison and his sobriety following the revocation of his bond, and does not challenge this Court's previous decision to revoke bond, it is clear that Mr. Quarture is relying on either: (1) the availability of new evidence that was not available previously, if he is seeking reconsideration of the Court's decision to revoke bond; or (2) information that was not known to Mr. Quarture at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community, if he is seeking relief under 18 U.S.C. § 3142(f).

At the August 18, 2021 Hearing on Petition for Action on Conditions of Pretrial Release, this Court determined that Mr. Quarture violated several of the conditions of his pretrial release on numerous occasions, and that he was unlikely to abide by any condition or combination of

conditions of release. Mr. Quarture admitted to each of the violations set forth in the Probation Office's August 3, 2021 Petition for Action on Conditions of Pretrial Release. As summarized during the hearing, Mr. Quarture: (1) repeatedly violated his location restriction conditions of release: first curfew, and later home detention; (2) failed drug tests, missed drug tests, admitted to drug use, failed to attend outpatient treatment as directed by Pretrial Services, and declined to attend inpatient treatment; and (3) failed to effectively communicate with, and respond to, his Probation Officer, despite efforts by the Officer to work with Mr. Quarture to gain compliance with his conditions of pretrial release. Despite this, Mr. Quarture now asks the Court to release him on the same conditions of release that he repeatedly violated. Mr. Quarture's consistent violations demonstrate that he is unlikely to abide by any condition or combination of conditions of release. The Court is not unsympathetic to the difficulties imposed by Mr. Quarture's pretrial incarceration, and is genuinely encouraged to hear that Mr. Quarture has taken positive steps while in custody. However, the Court finds that, given the numerous, consistent, and persistent violations of Mr. Quarture's conditions of release in this matter, including location monitoring, drug-related, and treatment-related violations, there is no basis to revisit the Court's determination that Mr. Quarture is unlikely to abide by any condition or combination of conditions of release. To the extent that Mr. Quarture's Motion seeks reconsideration of the Court's Order revoking his Bond, the Motion must be denied.

Further, while the Court may reopen a detention hearing under 18 U.S.C. § 3142(f), Mr. Quarture's Motion does not set forth a sufficient basis to warrant such relief. Again, the Court generally encourages any defendant's efforts to take positive steps while in custody. However, following the detention hearing in this matter, and as described above, Mr. Quarture also violated several of the conditions of his pretrial release on numerous occasions, including drug use and violations of his location restriction conditions. The information provided in the Second Motion

is simply not adequate "new information" in this case that is sufficient to warrant reopening the detention hearing, especially in light of Mr. Quarture's numerous violations of his conditions of pretrial release.

Accordingly, for the reasons discussed above, it is hereby ORDERED that Mr. Quarture's Second Motion to Reinstate Bond (ECF No. 420) is denied. This denial is without prejudice to the filing of a motion in the future with respect to more specific, and perhaps only temporary, relief, if warranted by specifically identified circumstances. The Court takes no position on such a motion at this juncture, and will consider any such motion only when it is filed and with the benefit of the positions of the Government and Probation. Given the relief requested in the present Motion, and for the aforementioned reasons, Mr. Quarture's present Motion must be denied. The Court also notes Mr. Quarture's Motion's representation respecting the time that has elapsed since the Indictment was filed in this matter. *See* Second Mot. ¶ 9, ECF No. 420. The Court will entertain any motion for a scheduling status conference or a motion to schedule trial in this matter, if and when filed.

*s/ Robert J. Colville*
Robert J. Colville
United States District Judge

cc:   Counsel of Record via CM-ECF
      U.S. Probation Office

Dated: June 3, 2022